IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, §  *Plaintiff*, § § v. § §  LA MICHOACANA MEAT MARKET, § INC., AND SRO INVESTMENTS, LTD., §  *Defendants.* § | | Civil Action No.: 3:18-cv-01572-L |

# DEFENDANT'S ORIGINAL ANSWER

On this day, La Michoacana Meat Market, Inc., and SRO Investments, LTD (Defendants) file this Original Answer to Plaintiff's Original Complaint and would show the Court as follows:

## JURISDICTION

1. Defendants admit that the Court has jurisdiction but deny the remainder of allegations set forth in paragraph 1.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2, and therefore, deny paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore, deny paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore, deny paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, and therefore, deny paragraph 5.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6, and therefore, deny the allegations.

7. Defendants admit that LA MICHOACANA MEAT MARKET, INC., is a Texas corporation, but deny the remainder of the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny that SRO Investments, Ltd. is a Texas limited company and admit to the remainder of the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore, deny allegations in paragraph 11.

12. Defendants deny paragraph 12.

13. Defendants admits paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore, deny the allegations.in paragraph 14.

15. Defendants deny the allegations paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore, deny the allegations in paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore, deny the allegations in paragraph 17.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore, deny the allegations in paragraph 18.

19.  in paragraph 18.

## COUNT I

## VIOLATIONS OF THE ADA AND ADAAG

20. Defendants admit that Congress enacted the Americans with Disabilities Act (ADA) as alleged in paragraph 19 but deny that Defendants violated the ADA.

21. Defendants admit that paragraph 20 reflects certain portions of the ADA but deny that Defendants have violated the ADA as alleged in this complaint.

22. Defendants deny the allegations in paragraph 22.

23. Defendants admit that paragraph 23 reflects certain portions of the ADA but deny that Defendants have violated the ADA as alleged in this complaint.

24. Defendants admit that paragraph 24 reflects certain portions of the ADA but deny that Defendants have violated the ADA.

25. Defendants admit paragraph 25.

26. Defendants admit the statement made paragraph 26.

27. Defendants admit that paragraph 27 reflects certain portions of the ADA but deny that Defendants have violated the ADA as alleged in this complaint.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff visited or attempted to visit the Property as alleged and deny the remainder of the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations paragraph 34 and its subparts as set forth below.

(a)(i) Defendants deny paragraph 34 (a)(i).

(a)(ii) Defendants deny paragraph 34 (a)(ii).

(a)(iii) Defendants deny paragraph 34 (a)(iii).

(a)(iv Defendants deny paragraph 34 (a)(iv).

(a)(v) Defendants deny paragraph 34 (v).

(b)(i) Defendants deny paragraph 34 (b)(i).

(b)(ii) Defendants deny paragraph 34 (b)(ii).

(b)(iii) Defendants deny paragraph 34 (b)(iii).

(b)(iv Defendants deny paragraph 34 (b)(iv).

(a)(v) Defendants deny paragraph 34 (v).

35. Defendants deny the allegations paragraph 35.

36. Defendants deny the allegations paragraph 36.

37. Defendants deny the allegations paragraph 37.

38. Defendants deny the allegations paragraph 38.

39. Defendants deny the allegations paragraph 39.

40. Defendants deny the allegations paragraph 40.

41. Defendants deny the allegations paragraph 41

42. Defendants admit that paragraph 42 summarizes a portion of the applicable regulations but deny the remainder of the allegations in paragraph 42.

43. Defendants deny the allegations paragraph 43.

44. Defendants deny the allegations paragraph 44.

45. Defendants deny the allegations paragraph 45.

46. Defendants admit that the cited law allows for the recovery of attorney's fees but deny that Plaintiff is entitled to the recovery of such fees as alleged in paragraph 46.

47. Defendants admit that the cited law allows for the injunctive relief but deny that Plaintiff is entitled to such relief and to the other relief sought in Plaintiff's Prayer subparts (a) to (f).

48. Defendants deny that Plaintiff is entitled to such relief sought in Plaintiff's Prayer subparts (a) to (f).

## AFFIRMATIVE DEFENSES

49. Without admitting or acknowledging that it bears the burden of proof as to any of them Defendants assert and reserve the right to rely upon the following affirmative and general defenses and reserves the right to amend its Answer as additional information becomes available.

50. Defendants assert that La Michoacana Meat Market, Inc., has been incorrectly sued since it is not the (1) owner; (2) lessor; (3) leasee; or (4) operator of the Property. See 42 U.S.C. §12182(a).

51. Defendants assert that Plaintiff's complaint fails to state a claim upon which relief can be granted.

52. Defendants assert that Plaintiff's claims are barred by the statute of limitations.

53. Defendants assert that Plaintiff is a serial ADA filer and lacks standing to request the relief sought. Specifically, but not limited to, Plaintiff has failed to demonstrate a plausible intention or desire to return to the Property.

54. Defendants assert that constructions or alterations, if any, that occurred on the Property, occurred before March 14, 2012 and, therefore, ADA Accessibility Guidelines of 1991 are applicable to the Property.

55. Defendants assert that the relief requested by Plaintiff is in whole or in part not "readily achievable." 42 U.S.C. §12182(b) (2)(A)(iv), (v).

56. Defendants assert that a reasonable alternative exists to the relief Plaintiff requests.

57. In the alternative and not waiving the foregoing, the relief requested by Plaintiff would cause an undue burden on Defendants given the difficulty and expenses involved in attempting to make the modifications.

## PRAYER

Defendants prays that Plaintiff takes nothing by this action, that the court deny Plaintiff's request for injunctive relief and for attorney's fees, and that Defendant recovers all costs, including legal fees incurred in the defense of this action and all other relief to which Defendant is entitled.

Respectfully Submitted,
MONTY & RAMIREZ LLP

**By:**   */s/ Ruth M. Willars*

RUTH M. WILLARS
**MONTY & RAMIREZ LLP**
Texas SBN: 24003175
Fed. ID No.: 28285
150 W. Parker Road, 3rd Floor
Houston, TX 77076
Ph.: 281-493-5529
Fax: 281-493-5983
Email: rwillars@montyramirezlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the following attorney of record for Plaintiff on **August 13, 2018** via:

☐ Facsimile   ☐ First Class Mail   ☐ Hand Delivery   ☐ CMRRR   ☒ Email

LAW OFFICES OF THE SCHAPIRO LAW GROUP, P.L.
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL  The
Schapiro Law Group, P.L.
21301 Powerline Road, Suite 106  Boca
Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

LAW OFFICES OF LIPPE & ASSOCIATES
Emil Lippe, Jr., Esq.  State
Bar No. 12398300  Lippe
& Associates
12222 Merit Drive, Suite 1200
Tel: (214) 855-1850
Fax: (214) 720-6074
Email: emil@texaslaw.com

   **ATTORNEYS FOR PLAINTIFF**